IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS


UNITED STATES OF AMERICA

V.                                          CASE NO. 4:09CR000263 JMM

MICHAEL S. JACKSON


**ORDER**

Pending before the Court is Defendant's Motion to Dismiss Court One of the Indictment (#27). For the reasons stated below, the motion is denied.

On September 2, 2009, the Defendant was charged in a four count indictment. Counts one and two charged him with the production of child pornography in violation of 18 U.S.C. § 2251(a). Counts three charged him with distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and count four charged him with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

On May 19, 2011, Defendant filed a Motion to Dismiss Count One of the Indictment contending that the videos recorded by the Defendant did not meet the standard for "sexually explicit conduct" which is an element of the crime under the statute.

The government subsequently filed a superseding indictment with counts one and two additionally charging Defendant with attempting to produce child pornography in violation of § 2251(a). Counts three and four remained the same.

As in the original indictment, an element of count one of the superseding indictment is

that the videos meet the standard for "sexually explicit conduct."[1]  Sexually explicit conduct is defined in the statute as "actual or simulated-- (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A).  The issue in Defendant's case is whether the videos showed "lascivious exhibition of the genitals or public area" of the child ("victim one") involved in count one of the original or superseding indictment.

> In determining whether images are lascivious, the Court of Appeals for the Eighth Circuit has referred to the criteria listed in *United States v. Dost*, 636 F.Supp. 828, 832 (S.D.Cal.1986), *aff'd sub nom., United States v. Wiegand*, 812 F.2d 1239 (9th Cir.), *cert. denied,* 484 U.S. 856, 108 S.Ct. 164, 98 L.Ed.2d 118 (1987). The factors in *Dost* included: (1) whether the focal point of the picture is on the minor's genitals or pubic area; (2) whether the setting of the picture is sexually suggestive; (3) whether the minor is depicted in unnatural poses or inappropriate attire considering the minor's age; (4) whether the minor is fully or partially clothed or is nude; (5) whether the picture suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the image is intended to elicit a sexual response in the viewer. *Id.*; *see also United States v. Horn*, 187 F.3d 781, 789 (8th Cir.1999) (citing the *Dost* criteria), *cert. denied*, 529 U.S. 1029, 120 S.Ct. 1442, 146 L.Ed.2d 330 (2000). However, while we consider these criteria, they are "neither definitive nor exhaustive." *Horn,* 187 F.3d at 789. " 'All six Dost factors need not be present in order to bring the depiction under the proscription of the statute.' " *United States v. Wallenfang*, 568 F.3d 649, 657 (8th Cir. 2009) (quoting *United States v. Wolf*, 890 F.2d 241, 245 (10th Cir.1989)) (alterations omitted).

*United States v. Johnson*, 639 F.3d 433, 439-40 (8th Cir. 2011).

In *Horn* the Eighth Circuit further defined "lascivious" by holding that when (1) the child is nude or partially clothed; (2) the focus of the depiction is the child's genitals or pubic area; and

---

[1] When a case is submitted to a jury on an attempt theory the government does not have to prove that the defendant was successful in his criminal objective.  *United States v. Johnson*, 639 F.3d 433, 439 (8th Cir. 2011).

(3) the image is intended to elicit a sexual response in the viewer, the depiction is lascivious. *United States v. Horn*, 187 F.3d at 789.

In *United States v. Johnson*, 639 F.3d 433 (8th Cir. 2011), the Eighth Circuit held that " a reasonable jury could find the video clips were intended to be lascivious. The camera was specifically pointed at a scale, where the young women were certain to be standing nude (at the direction of [defendant], and the camera angle was such that in many of the video clips, when the minors were on the scale, the frame encompassed their nude bodies from their shoulders to below their knees." *Id* at 440-441. The Court also took into account that during an interview, the defendant in *Johnson* admitted that he wanted to see the girls in the nude and that his "perverted-ness got the best of me." *See Id* at 441. This established that the defendant intended to elicit a sexual response from the viewer, the defendant.

The Court has reviewed the videos related to count one of the indictment and superseding indictment and finds that they meet the standard for "sexually explicit conduct" as defined by the statute and case law. The videos reflect that the Defendant specifically changed the position of the camera at lest twice to increase the certainty that victim one's genitals or pubic area would be filmed directly or by reflection in the mirror while she was either in the bathtub or exiting the bathtub. *See Id* at 436 ("level of zoom feature of camera and position of the scale changes from video to video" to achieve different images). Moreover, the superseding indictment states that the Defendant possessed numerous images of child pornography which is evidence that the visual depictions of victim one were intended or designed to elicit a sexual response to the viewer, the Defendant. Based upon the holding in *Johnson,* the government has presented sufficient evidence to allow a jury to reasonably find that the video clips were intended to be lascivious.

IT IS SO ORDERED THIS  14   day of   July , 2011.

                                                           James M. Moody
                                                           United States District Judge